1

2

3    UNITED STATES DISTRICT COURT

4    EASTERN DISTRICT OF WASHINGTON

5    PATRICK CODY, O/B/O A.L.F., a
     minor child,                                   NO:  12-CV-0457-FVS
6
                            Plaintiff,              ORDER GRANTING DEFENDANT'S
7                                                   MOTION FOR SUMMARY
            v.                                      JUDGMENT AND DENYING
8                                                   PLAINTIFF'S MOTION FOR
     CAROLYN W. COLVIN,                             SUMMARY JUDGMENT
9
                            Defendant.
10

11          BEFORE THE COURT are the parties' cross motions for summary

12   judgment. ECF Nos. 15 and 18.  This matter was submitted for consideration

13   without oral argument.  Plaintiff was represented by Lora Lee Stover. Defendant

14   was represented by Kathryn A. Miller.  The Court has reviewed the administrative

15   record and the parties' completed briefing and is fully informed. For the reasons

16   discussed below, the court grants Defendant's Motion for Summary Judgment and

17   denies Plaintiff's Motion for Summary Judgment.

18                                  **JURISDICTION**

19          Patrick Cody protectively filed for supplemental security income ("SSI") on

20   behalf of A.L.F., a minor ("Plaintiff"), on September 18, 2009. Tr. 152-158.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

Plaintiff alleged an onset date of September 18, 2009. Tr. 178. Benefits were denied initially (Tr. 98-100) and upon reconsideration (Tr. 102-104). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Marie Palachuk on December 7, 2010. Tr. 50-95. Plaintiff was represented by counsel and appeared at the hearing. Tr. 67-72. Plaintiff's father, Patrick Cody, and medical expert Margaret Moore, Ph.D., also testified. Tr. 55-67, 72-94. The ALJ denied benefits (Tr. 22-42) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 9 years old and in fourth grade at the time of the hearing. Tr. 67. Plaintiff testified that she got in trouble at school last year for "not being nice." Tr. 69. Plaintiff's father testified that she is on medication for ADHD. Tr. 76. He testified that when Plaintiff was younger, she was removed from several daycares for behavioral problems. Tr. 75-76. He testified that he has to constantly work to keep Plaintiff organized and on schedule. Tr. 77-78. He testified that she does better in school when they work with her "one-on-one" and that she is better behaved with him than with her mom or at school. Tr. 80-81. Plaintiff's father

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

testified that she has problems with bullying and fighting other kids at school, and has been kicked out of the Boys and Girls club after school program. Tr. 82-84. Plaintiff formerly received special education assistance but has since been placed in the regular classroom. Tr. 58, 81. Plaintiff alleges disability based on attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD"). Tr. 56.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## SEQUENTIAL EVALUATION PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382(c(a)(3)(C)(i)(2003).

The regulations provide a three-step process to determine whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

gainful activity, the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations. *Id.* If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments meet, medically equal or functionally equal the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six broad areas of functioning, or domains, are considered: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for self, and health and physical well-being. 20 C.F.R. § 416.926a.

ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 18, 2009, the alleged

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    onset date. Tr. 28. At step two, the ALJ found Plaintiff has the following severe

2    impairments: attention deficit hyperactivity disorder ("ADHD") and oppositional

3    defiant disorder ("ODD"). Tr. 28. At step three, the ALJ found that Plaintiff does

4    not have an impairment or combination of impairments that meets or medically

5    equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr.

6    29. The ALJ then determined Plaintiff does not have an impairment or combination

7    of impairments that functionally equals a listing. Tr. 30. As a result, the ALJ

8    concluded that Plaintiff has not been disabled, as defined by the Social Security

9    Act, since September 18, 2009, the date the application was filed. Tr. 38.

10                                   **ISSUES**

11          The question is whether the ALJ's decision is supported by substantial

12    evidence and free of legal error. Specifically, Plaintiff asserts that the ALJ erred at

13    step 3 of the sequential evaluation concerning the severity of Plaintiff's

14    impairments. ECF No. 16 at 5-11. Defendant argues that the ALJ properly found

15    Plaintiff's impairments were not functionally equivalent to a listed impairment.

16    ECF No. 18 at 5-15.

17                                 **DISCUSSION**

18          Where a child's impairment does not meet or equal one of the Listings, her

19    impairments are evaluated under a functional equivalency standard. 20 C.F.R. §

20    416.926a. To be functionally equivalent, an impairment must "result in 'marked'

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6

limitations in two domains of functioning or an 'extreme' limitation in one

domain." § 416.926a(a). The domains of functioning are: (1) acquiring and using

information; (2) attending and completing tasks; (3) interacting and relating to

others; (4) moving about and manipulating objects; (5) caring for yourself; and (6)

health and physical well-being. § 416.926a(b)(1).

A limitation is marked where an impairment "interferes seriously with your

ability to independently initiate, sustain, or complete activities." §

416.926a(e)(2)(i). Marked limitations are "'more than moderate' but 'less than

extreme.'" § 416.926a(e)(2)(i). A limitation is extreme where an impairment

"interferes very seriously with your ability to independently initiate, sustain, or

complete activities." § 416.926a(e)(3)(i).

The ALJ is responsible for deciding functional equivalence after

consideration of all evidence submitted. 20 C.F.R. § 416.926a(n). The regulations

list the information and factors that will be considered in determining whether a

child's impairment functionally equals a listing. 20 C.F.R. §§ 416.926a, 416.924a,

416.926a. In making this determination, the Commissioner considers test scores

together with reports and observations of school personnel and others. §§

416.924a, 416.926a(e)(4)(ii). The ALJ also considers what activities the child is, or

is not, able to perform; how much extra help the child needs in doing these

activities; how independent she is; how she functions in school; and the effects of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

treatment, if any. § 416.926a(b). In evaluating this type of information, the ALJ will consider how "appropriately, effectively, and independently" the child performs activities as compared to other children her age who do not have impairments. § 416.926a(b). This information comes from examining and non-examining medical sources as well as "other sources" such as parents, teachers, case managers, therapists, and other non-medical sources who have regular contact with the child. *See* § 416.913(c)(3), d; Social Security Ruling ("SSR") 98-1p, IV.B.

Plaintiff argues the ALJ erred by finding less than marked limitations in the domains of acquiring and using information, and attending and completing tasks; and no limitations in caring for self and health and physical well-being. ECF No. 18 at 6-11. The court will examine each domain in turn.

## A. Acquiring and Using Information[1]

In the 'acquiring and using information' domain, the ALJ considers how well the child acquires and learns information, and how well she uses the information she has learned. 20 C.F.R. § 416.926a(g). A typically functioning

---

[1] In the introduction to her argument, Plaintiff did not identify the domain of acquiring and using information. ECF No. 16 at 5. However, Plaintiff "takes issue" with this domain later in her briefing and Defendant responds. ECF No. 16 at 11; ECF No. 18 at 7-9. Thus, the court will evaluate the ALJ's findings in the domain of acquiring and using information.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  school-age child (age 6 to attainment age of 12) is expected to: learn to read, write,

2  and do math; demonstrate learning by producing oral and written products, solving

3  mathematical problems, taking achievement tests, doing group work, and entering

4  into class discussions; use these skills in daily activities at home and in the

5  community; and use increasingly complex language to share information and ideas

6  with individuals or groups. § 416.926a(g)(2)(iv).

7        The ALJ identified a less than marked limitation in Plaintiff's ability to

8  acquire and use information. Tr. 33. Plaintiff "takes issue with the ALJ's adoption

9  of the medical expert [Dr. Donna Veraldi Ph.D.]'s, testimony and rating of

10  Plaintiff's capacities." ECF No. 16 at 11. Specifically, Plaintiff argues that Dr.

11  Veraldi testified that Plaintiff's fourth grade report card reflects she is "meeting

12  standards or approaching standards in many areas" (Tr. 58), when in fact Plaintiff

13  was given a score of "1" in her standard reading level, which is "below standard at

14  this time." Tr. 403. Plaintiff also contends that Dr. Veraldi was required to give her

15  opinion as to "the totality of the record and the entire time frame at issue" instead

16  of limiting her rating to the time frame covered by this particular report card. ECF

17  No. 16 at 11.

18        Defendant responds that the ALJ's finding of less than marked limitations in

19  this domain was supported by substantial evidence. The court agrees. As an initial

20  matter, Plaintiff offers no case law to support her argument. Further, despite

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

Plaintiff's contention, Dr. Veraldi did not view the fourth grade report card "in isolation" when she determined that Plaintiff had less than marked limitations in this area of functioning. *See* ECF No. 16 at 11. Rather, Dr. Veraldi testified that Plaintiff's intelligence was normal despite her learning problems, and she was within one standard deviation of either meeting academic standards or approaching meeting standards in "many areas." Tr. 58. Moreover, as acknowledged by Plaintiff, Dr. Veraldi found it significant that as of the hearing date Plaintiff was moved out of the special services resource room. Tr. 58. Thus, Dr. Veraldi cited to substantial evidence in the record to support her finding.

Perhaps more significantly, while not addressed by Plaintiff, the ALJ relied on evidence in addition to Dr. Veraldi's testimony to support her finding of less than marked limitations. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 2005) (testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record). This evidence included (1) the opinion of state agency reviewer Dr. Grant Gilbert, Ph.D., who found a less than marked limitation as Plaintiff was at grade level in reading, writing and math despite 24 discipline reports from school (Tr. 381); and (2) the opinion of Plaintiff's third grade teacher who found no limitations in this domain in November 2009 (Tr. 186). For all of these reasons, substantial evidence supports the ALJ's finding of a less than marked limitation in this domain.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

**B. Attending and Completing Tasks**

In the 'attending and completing tasks' domain, the ALJ assesses how well the child can focus and maintain attention, and how well the child begins, carries through, and finishes activities. 20 C.F.R. § 416.926a(h). A typically functioning school-age child (age 6 to attainment age of 12) is expected to: focus attention in a variety of situations in order to follow directions, remember and organize school materials, and complete assignments; concentrate on details and not make careless mistakes in work; change activities or routines without distracting yourself or others and stay on task and in place when appropriate; sustain attention well enough to participate in a group sport, read by yourself, and complete family chores; and complete a transition task without extra accommodation. § 416.926a(h)(2)(iv).

The ALJ found a less than marked limitation in the domain of attending and completing tasks. Tr. 34. Plaintiff assigns the exact same error in this domain that he did in the acquiring and using information discussed above. Namely, Plaintiff contends that Dr. Veraldi erred in viewing Plaintiff's fourth grade report card in isolation rather than giving her opinion based on the totality of the record. ECF No. 16 at 11. This argument is similarly unavailing in this domain.  First, Dr. Veraldi did not rely on the fourth grade report card when opining as to the attending and completing tasks domain. *See* Tr. 34. Instead, Dr. Veraldi acknowledged that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Plaintiff has ADHD and problems with focus and attention that make things "difficult" for her, but still opined that these limitations were not severe enough to put her outside the regular classroom, and were less than marked. Tr. 58-59.

Moreover, the ALJ's finding of less than marked limitation in this domain relied on evidence in addition to Dr. Veraldi's opinion. *See Andrews*, 53 F.3d at 1041. Dr. Gilbert, the state agency consulting psychologist, opined that Plaintiff has less than marked limitations despite needing reminders to finish things, being disruptive without medication, problems paying attention, and focusing long enough to finish projects. Tr. 381. The ALJ also relied on the questionnaire completed by Plaintiff's third grade teacher indicating an "obvious problem" in this domain, which fell in a category between "slight problem" and "severe problem." Tr. 187. Thus, the ALJ properly considered the record as a whole, including Dr. Veraldi's opinion, and found a less than marked limitation in attending and completing tasks as supported by substantial evidence.

**C. Caring for Yourself**

In the 'caring for yourself' domain, the ALJ considers how well the child maintains a healthy emotional and physical state, including how well the child gets physical and emotional needs met in appropriate ways, and whether the child takes care of her own health, possessions, and living area. 20 C.F.R. § 416.926a(k). A typically functioning school-age child (age 6 to attainment age of 12) is expected

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

to: be independent in most day-to-day activities; recognize competence in some

activities and difficulty with others; identify circumstances where she feels good

about herself and where she feels bad; begin to develop an understanding of what

is right and wrong, and acceptable and unacceptable behavior; and demonstrate

consistent control over behavior and avoid behaviors that are unsafe or otherwise

not good for her. § 416.926a(k)(2)(iv).

  The ALJ found no limitations in Plaintiff's ability to care for herself. Tr. 37.

The ALJ cited the testimony of the medical expert and the opinion of Plaintiff's

third grade teacher to support this assessment. Tr. 37.  First, the ALJ relied on Dr.

Veraldi's testimony that she "would put that as no limitation" as to this domain

because she doesn't "currently see things that indicate a limitation." Tr. 59.

Plaintiff argues that the ALJ and Dr. Veraldi "[f]ail[ed] to understand and apply"

the caring for yourself domain because "the evidence of record reflects that

[Plaintiff] has a 'marked' degree of limitation in this area when her emotional

difficulties are assessed under this [d]omain." ECF No. 16 at 6-9. Specifically,

Plaintiff claims she is "unable to use judgment as to her behavior as evidenced by

the school records demonstrating school discipline" between March 2008 and

September 2009 (Tr. 374-76); and post-hearing evidence of discipline for

inappropriate behavior, bullying, and fighting (Tr. 440-460). This argument is

unavailing. While these incidents of disciplinary action are notable, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1   acknowledged by ALJ in her recitation of the facts (Tr. 31), Plaintiff references no

2   case law or medical evidence in the record to support precisely how these

3   disciplinary incidents indicate a marked limitation in the caring for yourself

4   domain. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

5   Cir. 2008) (court need not address issues not briefed with specificity). The court

6   also notes that the ALJ properly relied on these disciplinary records in her finding

7   of marked limitation in the interacting and relating with others domain, which

8   considers how Plaintiff initiates emotional connections with others, cooperates

9   with others, complies with social rules, and respects the possessions of others. 20

10  C.F.R. § 416.926a(i).

11      Moreover, while not acknowledged by Plaintiff in her briefing, the ALJ also

12  relied on the opinion of Plaintiff's teacher in finding less than marked limitations.

13  Tr. 190. In a November 2009 teacher questionnaire assessing the domain of caring

14  for yourself, the teacher considered Plaintiff's ability to: handle frustration

15  properly, be patient when necessary, take care of personal hygiene, care for

16  physical needs, cooperate in or be responsible for take medications, use good

17  judgment regarding personal safety, identify and properly assert emotional needs,

18  respond properly to changes in own mood, use proper coping skills to meet daily

19  demands of school environment, and know when to ask for help. Tr. 190. The

20  teacher assessed no limitations in these categories and indicated no problems in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    domain of caring for yourself. Tr. 190.  In the evaluation of child disability cases,

2    the opinion of a child's teacher is highly probative. As is the case with all "other

3    source" or lay testimony, the educator's opinions must be considered and the

4    weight given to them explained. *See Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d

5    1050, 1053 (9th Cir. 2006). The ALJ properly gave significant weight to the

6    opinions of Plaintiff's teacher. For all of these reasons, the ALJ's finding of a less

7    than marked limitation in the domain of caring for yourself is supported by

8    substantial evidence. Tr. 32.

9    **D. Health and Physical Well-Being**

10    In the 'health and well-being' domain, the ALJ considers the cumulative

11    physical effects of physical or mental impairments and their associated treatments

12    or therapies on functioning that were not considered under the moving about and

13    manipulating objects domain. 20 C.F.R. § 416.926a(l). Examples of limitations in

14    health and physical well-being include: physical effects from medications or

15    treatments; generalized symptoms such as weakness, dizziness, agitation, lethargy

16    or psychomotor retardation because of the impairment; somatic complaints;

17    limitation in physical functioning; and medical fragility. § 416.926a(l)(2), (4).

18    The ALJ found no limitation in the health and physical well-being domain.

19    Tr. 37. The ALJ noted that Dr. Veraldi testified she could not rate this domain as it

20    was outside her expertise. Tr. 59. Plaintiff argues this failure to express an opinion

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15

was error because it "was within her duty to rate as a medical expert." ECF No. 16 at 10. When evaluating a child disability case, an ALJ "is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003). However, Plaintiff offers no legal authority indicating that the Dr. Veraldi had an affirmative "duty" to rate every domain; nor does she assert that Dr. Veraldi improperly considered the case record. Further, it is the ALJ's responsibility to consider equivocal testimony of an expert along with other evidence and medical opinions in reaching her conclusions. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). Dr. Veraldi's lack of opinion in this domain standing alone would certainly not be substantial evidence in support of the ALJ's finding of no limitation. However, as noted by Defendant, the ALJ also properly relied on the lack of observed medical conditions by Plaintiff's teacher in making her finding. Tr. 37 (citing Tr. 191).

Plaintiff also contends that evidence of "inappropriate and oppositional behavior as noted in the records from her school district and the Boys and Girls Club … rises to the level of establishing a 'marked' impairment in this domain." ECF No. 16 at 10. However, from a plain reading of the regulation, the court fails to see how these disciplinary reports are evidence of a *physical* effect of Plaintiff's

physical or mental impairments that make it difficult for her to perform activities independently or effectively. *See* 20 C.F.R. § 416.926a(l). Plaintiff cites to no physical effect of her mental condition, and none was noted upon review of the record. Thus, the ALJ's finding of no limitation in the health and well-being was free of harmful legal error.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

## ACCORDINGLY, IT IS HEREBY ORDERED:

1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 18, is
    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 14th of April 2014.


　　　　　　　　　　 *s/Fred Van Sickle*　　　　　　
　　　　　　　　　　 Fred Van Sickle
　　　　　　　　　　 Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17